**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PG, LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", <br><br> Defendants. | Case No. 25-cv-1102 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

██████████████ ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for design patent infringement under the Patent Act, copyright infringement under the Copyright Act, false designation of origin under the Lanham Act, violation of the Illinois Deceptive Trade Practices Act, and civil conspiracy against the Partnerships and Unincorporated Associations Identified in Schedule "A" ("Defendants"). In support hereof, Plaintiff, states as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., the Copyright Act, 17 U.S.C. § 101, et seq., the Lanham Act, 15 U.S.C. § 1051, et seq., and 28 U.S.C. §§ 1338(a)-(b). This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

1

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each Defendant directly targets business activities toward consumers in the United States, including Illinois, through their operation of or assistance in the operation of the fully interactive, commercial internet stores operating under the Defendant domain names and/or the Defendant Internet Stores identified in Schedule A. Specifically, each of the Defendants directly reaches out to do business with Illinois residents by operating or assisting in the operation of one or more commercial, interactive e-commerce stores that sell products featuring Plaintiff's patented design and/or using or bearing infringing versions of Plaintiff's federally registered copyrighted work directly to Illinois consumers. In short, each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II.     INTRODUCTION

3.     Plaintiff files this action to combat online infringers who trade upon Plaintiff's reputation and goodwill by (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of unauthorized and unlicensed products that infringe Plaintiff's design patent (U.S. Patent No. ██████) ("████████ Design") and/or (2) using Plaintiff's copyrighted work (U.S. Reg. No. ██████████) ("█████████ Work") in connection with the sale and advertising of knockoff products. *See* **Exhibit 1**. Like many other intellectual property right owners, Plaintiff suffers ongoing daily and sustained violation of its intellectual property rights at the hands of infringers, such as Defendants herein. Defendants have created internet stores ("Defendant Internet Stores" or "Stores") by the dozens, using and displaying copies and derivative works of ██████████ Work to sell imitation versions of Plaintiff's signature product to unknowing customers, and/or making, using, offering for sale,

selling, and/or importing into the United States for subsequent sale or use of infringing products to unknowing consumers. Plaintiff is and continues to be harmed, the consuming public is misled and confused, and Defendants earn substantial profits from their infringing activities.

4. Defendant Internet Stores share unique identifiers, such as similar design elements of the unauthorized products offered for sale and, on information and belief, these similarities suggest that Defendant Internet Stores share common manufacturing sources, thus establishing that Defendants' infringing operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants have gone to great lengths to avoid liability by concealing both their identities as well as the full scope and interworking of their infringing operation— including changing the names of their Stores multiple times, opening new Stores, helping their friends open Stores, and making subtle changes to their products. Plaintiff has been forced to file this action to combat Defendants' willful infringement of Plaintiff's copyrighted work and patented design and to protect unknowing consumers from purchasing knockoff products over the Internet. Because of Defendant's actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion and through its loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design. Accordingly, Plaintiff seeks injunctive and monetary relief.

## III. THE PARTIES

██████████████.

5. Plaintiff is a ████████ private limited company and is the creator and seller of high-quality, unique innovative ████████ products ("████████ Products") designed to help ████████████████████████. They are known for their durable, easy-to-use design, and versatile functionality. Plaintiff sells these products through its

█████████ brand, which allows consumers to purchase the genuine products through the company's website.

6. █████████ Products are known for their distinctive patented design. █████████ that use this design are associated with the quality and innovation that the public has come to expect from █████████ products. Plaintiff uses this design in connection with its █████████ branded products, including, but not limited to, the following patented design.

| Patent Number: ███████ | | Issue Date: ███████ | |
|---|---|---|---|
| **CLAIM** | | | |
| ███ | ████████ | ███ | ████████ |
| ███ | ████████ | ███ | ████████ |



|  | | Figure 6 | |
| | | | |
| Figure 7 | | | |

7.      Plaintiff is the lawful assignee of all rights, title, and interest in and to Patent Number US ▇▇▇▇. The ▇▇ patent was lawfully issued on ▇▇▇▇, with the named inventor ▇▇▇▇. Upon information and belief, Defendants have persisted in infringing Plaintiff's patented design after the grant date of the design patent.

8.      Plaintiff is also the owner of a copyright registration U.S. Reg. No. ▇▇▇▇. The registration information for ▇▇▇▇ Work and copies of the corresponding images are shown in **Exhibit 1** attached hereto. Plaintiff uses the ▇▇▇▇ Work in connection with advertising and demonstrating the ▇▇▇▇ Products. Upon information and belief, Defendants have persisted in infringing Plaintiff's copyright after the effective date of the copyright registration.

9. Since their first publication, ███████████ Work has been used to sell ███████ ███ Products. Plaintiff's products and its accompanying copyrighted work have been the subject of substantial and continuous marketing and promotion by Plaintiff throughout the United States.

10. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, distribute, and display ███████████ Work to the public. Plaintiff has never granted authorization to Defendants to use Plaintiff's copyrighted work to advertise, market, or promote unauthorized goods.

11. Plaintiff launched its ███████████ branded products in ████, which are available through its website[1] and Amazon storefront[2]. Plaintiff's founder and inventor created ███████████████ after observing a demand in the marketplace for people to ███████ ███████████████. Plaintiff has been and continues to heavily market and promote its unique products using its federally registered work on its website, social media, advertisements, and product demonstration videos. Its website and social media feature original content, reviews, and testimonials for ███████████ Products.

12. Plaintiff is the manufacturer, distributor, and retailer of ███████████ Products. The Company is engaged in the business of distributing and retailing its ███████████ ████ within the Northern District of Illinois. Defendants' sales of the knockoff products by using Plaintiff's copyrighted work and patented design in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

---

[1] ███████████████
███████████████████████████████

**Defendants**

13.　　Defendants are individuals and entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and in this Judicial District, through the operation of fully interactive commercial websites or Defendant Internet Stores in various online commercial marketplaces. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell knockoff products to consumers within the United States, including Illinois and this Judicial District, with Plaintiff's copyrighted work and patented design.

14.　　Defendants are an interrelated group of infringers who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine ▓▓▓▓▓▓▓▓ Products by unlawfully using Plaintiff's copyrighted work and patented design, while they actually sell inferior imitations of Plaintiff's ▓▓▓▓▓▓ Products. Defendant Internet Stores share many features, such as common design elements, the same or similar knockoff products that they offer for sale, similar product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, and check-out methods, lack of contact information, and identically or similarly priced products and volume sale discounts. As such, Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence. The tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV.    DEFENDANTS' UNLAWFUL CONDUCT

15.    Upon information and belief, at all relevant times hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the ████████ Work and Design, including its exclusive right to use and license such intellectual property and the associated goodwill. Defendant Internet Stores use the same pictures to advertise their infringing products that Plaintiff uses on its website and social media, sowing further confusion among potential purchasers.

16.    Defendants have purposefully directed some portion of their infringing activities towards consumers in this District through advertisement using Plaintiff's copyrighted work as well as through offers to sell, sale, or shipment of knockoff goods associated with infringing work into the State.

17.    Defendants directly engaged in unfair competition with Plaintiff by advertising, offering for sale, or selling goods bearing or using unauthorized reproductions or derivatives of Plaintiff's copyrighted work to consumers within the United States and this District through their internet-based e-commerce stores.

18.    Infringers, such as Defendants here, are typically in communication with each other. They regularly participate in QQ.com chat rooms and communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

19.    Defendants take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat infringement. For example, infringers take advantage of the fact that marketplace platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing Defendants to "routinely use false or inaccurate names

and addresses when registering with these Internet platforms." *See* **Exhibit 2**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 41 Nw. J. Int'l. L. & Bus. 24 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25. Therefore, with the absence of regulation, Defendants may and do garner sales from Illinois residents by setting up and operating e-commerce internet stores that target United States consumers using one or more aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold knockoff products to residents of Illinois.

20.     Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Other Defendant domain names often use privacy services that conceal the owners' identities and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms by using the identities listed in Schedule A of this Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of the many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

21.     The unauthorized products advertised and for sale in Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the knockoff products are manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

22.     Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use products that directly and/or indirectly infringe ██████████ Design. Each e-commerce store operating under a seller alias offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold infringing products in the United States and Illinois over the internet.

23.     Defendants' infringement of the ██████████ Design in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the infringing products was willful.

24.     Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the ██████████ Work in connection with the advertisement, offer for sale, and sale of the knockoff products, through, *inter alia*, the internet. The knockoff products are not ██████████ branded products of the Plaintiff. Plaintiff did not manufacture, inspect, or package the knockoff products and did not approve the knockoff products for sale or distribution. Each of Defendant Internet Stores offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold knockoff products into the United States, including Illinois.

25.     Defendants' use of ██████████ Work in connection with the advertising, distribution, offer for sale, and sale of knockoff products, including the sale of knockoff products

into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

26.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling knockoff products that infringe upon ██████████ Work and Design unless preliminarily and permanently enjoined. As such, Plaintiff also seeks to disable domain names owned by Defendants that are the means by which Defendants could continue to infringe Plaintiff's intellectual property.

## COUNT I

### INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)

27.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 26.

28.     Plaintiff is the lawful assignee of all right, title, and interest in the ██████████ Design. *See* **Exhibit 1**.

29.     Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use infringing products that infringe the ornamental design claimed in the Plaintiff's design patent either directly or under the doctrine of equivalents.

30.     Defendants have been and are infringing Plaintiff's design patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the accused products in violation of 35 U.S.C.§ 271(a).

31.     Defendants have infringed Plaintiff's design patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude

others from making, using, selling, offering for sale, and importing the patented design. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

32.     Defendants have infringed Plaintiff's design patent because, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the ornamental design of Plaintiff's design patent and the overall design features of Defendants' products are substantially the same, if not identical, with resemblance such as to deceive an ordinary observer, including to deceive such observer to purchase an infringing product supposing it to be Plaintiff's product protected by Plaintiff's design patent.

33.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages that are appropriate pursuant to 35 U.S.C. § 284.

## COUNT II

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

34.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 33.

35.     Plaintiff's work has significant value and has been produced and created at considerable expense. Plaintiff is the owner of the original work, and the work at issue have been registered with the U.S. Copyright Office. *See* **Exhibit 1**.

36.     Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, the Plaintiff's copyrighted works, including derivative works.

37.     Upon information and belief, Defendants had access to the works through Plaintiff's normal business activities. After accessing Plaintiff's works, Defendants wrongfully

created copies of Plaintiff's copyrighted work without Plaintiff's consent and engaged in acts of widespread infringement through publishing and distributing the Plaintiff's work via websites and online markets in connection with the marketing of their knockoff products.

38. Plaintiff is informed and believes and thereon alleges that Defendants further infringed Plaintiff's copyrights by making or causing to be made derivative work from Plaintiff's works by producing and distributing reproductions without Plaintiff's permission.

39. Defendants, without the permission or consent of Plaintiff, have published online infringing derivative works of Plaintiff's work. Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, et seq.

40. Further, as a direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not have otherwise realized but for their infringement of the copyrighted Plaintiff's work. Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Plaintiff's work.

41. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

42. As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

43. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503,

Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights and ordering that Defendants destroy all unauthorized copies. Defendants' copies, digital files, and other embodiments of Plaintiff's copyrighted work from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all knockoff copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

**COUNT III**

**<u>FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)</u>**

44.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 43.

45.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in knockoff products, Defendants have offered and shipped goods in interstate commerce.

46.     Likewise, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the knockoff products, Defendants have and continue to trade on the extensive goodwill of Plaintiff to induce customers to purchase an imitation version of Plaintiff's products, thereby directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its lengthy nationwide marketing, advertising, sales, and cumulative consumer recognition.

47.     By using Plaintiff's copyrighted work in connection with advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in imitation

versions of Plaintiff's products, Defendants has created and is creating a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of such products.

48.     Defendants knew or, by the exercise of reasonable care, should have known that their past, current, and continuing advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in the knockoff goods with ██████████ Work has and will continue to cause confusion and mistake or to deceive purchasers, users, and the public.

49.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the knockoff product to the public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

50.     As a direct and proximate result of Defendants' wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its genuine products.

51.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

**COUNT IV**

**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE
TRADE PRACTICES ACT (815 ILCS § 510/2)**

52.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51.

53.     Defendants have engaged in acts violating Illinois law including, but not limited to, causing likelihood of confusion or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Plaintiff representing that their products have Plaintiff's approval when they do not, and

engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

54.     Defendants knew, or by the exercise of reasonable care should have known, that their past, current, and continuing advertising, marketing, promotion, display, and/or otherwise dealing with ████████ Work has and will continue to cause confusion and mistake, or deceive purchasers, users, and the public.

55.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by this Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**COUNT V**

**<u>CIVIL CONSPIRACY</u>**

56.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 55.

57.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly and voluntarily entered into a scheme and agreement to engage in a combination of unlawful acts and misconduct including, without limitation, a concerted and collaborated effort to maintain the distribution, marketing, advertising, shipping, offer for sale, or sale of knockoff products in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

58.     The intent, purpose, and objective of the conspiracy and the underlying combination of unlawful acts and misconduct committed by the Defendants was to undermine Plaintiff and its business by unfairly competing against it as described above.

59.     Defendants each understood and accepted the foregoing scheme and agreed to do their respective part, to further accomplish the foregoing intent, purpose, and objective. Thus, by

entering the conspiracy, each Defendant has deliberately, willfully, and maliciously permitted, encouraged, and/or induced all the foregoing unlawful acts and misconduct.

60.    As a direct and proximate cause of the unlawful acts and misconduct undertaken by each Defendant in furtherance of the conspiracy, Plaintiff has sustained, and unless each Defendant is restrained and enjoined, will continue to sustain severe, immediate, and irreparable harm, damage, and injury for which Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    i.    making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in ███████████ Design;

    ii.    aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon ███████████ Design; and

    iii.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b); and

B.    Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as ████████ ████████████████████████████████████████████████████████████████;

payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in ███████████ Design;

C. That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of Plaintiff's design patents, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

D. That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of ███████████ Design be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E. In the alternative, that Plaintiff be awarded complete accounting of all revenue and profits realized by Defendants from Defendants' infringement of ███████████ Design, pursuant to 35 U.S.C. § 289;

F. That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

  i. using ███████████ Work or any reproductions, copies, or colorable imitations thereof in any manner with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized ███████████ Product or is not authorized by Plaintiff to be sold in connection with ███████████ Work;

ii.     passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under ███████████ Work;

iii.    further infringing ███████████ Work and damaging Plaintiff's goodwill;

iv.    shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use ███████████ Work, and which are derived from Plaintiff's copyrights in ███████████ Work; and

v.     using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in ███████████ Work; and

G. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: ███████ ███████████████████████████████████████████████████████; payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of knockoff products using the Plaintiff's copyrights; shall:

     i.    disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce ███ ███ Work or are derived from ███████ Work, including any accounts associated with the Defendants listed on Schedule A;

    ii.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from ███████ Work; and

   iii.    take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index; and

H. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

I. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

J. In the alternative, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. §504(c)(2) of $150,000 for each and every use of Plaintiff's copyrighted works;

K. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

L. That Plaintiff be awarded any and all other relief that this Court deems equitable and just. Plaintiff demands trial by jury as to all causes of action so triable.

Dated: January 31, 2025                    Respectfully submitted,

                                           /s/ James E. Judge

                                           Zareefa B. Flener (IL Bar No. 6281397)
                                           James E. Judge (IL Bar No. 6243206)
                                           Ying Chen (IL Bar No. 6346961)
                                           Flener IP Law, LLC
                                           77 West Washington Street, Suite 800
                                           Chicago, Illinois 60602
                                           (312) 724-8874
                                           jjudge@fleneriplaw.com